IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Joseph Thomas, ) | |
| ) | Civil Action No. 6:11-545-JMC-KFM |
| Petitioner, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Wayne C. McCabe, Warden Lieber C 1, ) | |
| ) | |
| Respondent. ) | |
| ) | |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

On August 15, 2011, the respondent filed a motion for summary judgment. By order filed August 16, 2011, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The petitioner filed his response in opposition on September 2, 2011.

## **BACKGROUND**

On August 12, 2004, Spartanburg County officials observed Joseph Thomas ("the petitioner") enter his neighbor's residence, a suspected drug house, at which point they executed a search warrant on the premises. The petitioner was found in a bathroom in possession of a safe. The safe contained 346.38 grams of powder cocaine and 11.76 grams of crack cocaine. The petitioner also had the key to the safe as well as $2,410 of

marked currency used in a previous drug buy (App. 40-41). Authorities also recovered two firearms (App. 20-21).

Following his arrest, the petitioner was indicted on the following charges: trafficking in cocaine greater than 200 grams (count one #2004-GS-42-3896); possession of a firearm during the commission of a violent crime (count two #2004-GS-42-3896); trafficking in crack cocaine (#2004-GS-42-3897); trafficking in crack cocaine (#2004-GS-42-3898); trafficking in crack cocaine (#2004-GS-42-3899); and trafficking in powder cocaine (#2004-GS-42-3900)[1] (App. 20-21). On June 12, 2006, the State called indictments #2004-GS-42-3896 (trafficking in cocaine greater than 200 grams, possession of a firearm during the commission of a violent crime) and #2004-GS-42-3899 (trafficking in crack cocaine) to trial before the Honorable Alexander S. Macaulay (App. 3). The petitioner was represented by Assistant Public Defender Jason Chehoski, while the State was represented by Assistant Solicitor Jessica Thill and Solicitor Trey Gowdy (App. 1).

Immediately after the case was called, defense counsel requested a continuance to further investigate the details of an alleged plea agreement between federal authorities and the Bahamian government regarding the petitioner's possible extradition to the Bahamas to face a pending murder charge. Specifically, defense counsel requested a continuance to determine whether the state charges should be dismissed for purposes of extradition. Defense counsel added that a continuance would allow him to determine whether extradition was even possible while the petitioner was in state custody (App. 4-8). In response, the State explained that: (1) the Bahamian government had yet to begin the extradition process; (2) there was nothing that would prevent the Bahamian government from extraditing the petitioner if he was in state custody; and, (3) federal authorities, when given the chance to ask the State not to pursue the petitioner's charges, refrained from

---

[1] The record also reveals that the the petitioner was indicted on federal charges on or about the time he was facing his state charges (App. 4-8)

2

doing so (App. 9-10). After this exchange took place, the court denied defense counsel's motion for a continuance. Upon the denial of defense counsel's motion for a continuance, the petitioner unsuccessfully sought a continuance in an effort to relieve counsel and retain new counsel, whereupon a brief recess occurred (App. 13-19).

After returning from the recess, the petitioner elected to plead guilty to count one of indictment #2004-GS-42-3896, trafficking in cocaine greater than 200 grams, without a recommendation (App. 20). The petitioner further agreed to forfeit the two weapons that were recovered during his apprehension (App. 20-21). In exchange for the petitioner's guilty plea and the forfeiture of the weapons, the State agreed to drop count two of the indictment as well as the balance of the petitioner's charges (App. 20-21).

Thereafter, a plea colloquy took place. The petitioner was advised of the maximum sentence he would face, his right against self-incrimination, his right to a jury trial, and his confrontation rights (App. 25-29, 39-40). The petitioner confirmed his understanding of the maximum sentence as well as each of the aforementioned rights. (App. 25-30). Additionally, the petitioner was informed of, and acknowledged his understanding that, by pleading guilty, he waived these rights and any defenses he may have had (App. 30-31). The petitioner then admitted he was guilty of the underlying charges (App. 31-32). The plea court further inquired as to whether the petitioner's plea was freely, voluntarily, knowingly and intelligently tendered (App. 33-40). Following this inquiry, the plea court, after hearing the factual basis for the plea, accepted the plea finding there was a substantial factual basis for the plea and the petitioner's decision to plead guilty was "freely, voluntarily, knowingly and intelligently made[.]" (App. 41). The plea court sentenced the petitioner to 25 years imprisonment (App. 42-43).

On June 16, 2006, the petitioner's notice of appeal was timely filed and served. *See* Notice of Appeal in #2004-GS-42-3896. On appeal, the petitioner, represented by Aileen P. Clare of the South Carolina Commission on Indigent Defense, argued "the

lower court's denial of appellant's motion for a continuance rendered his guilty plea invalid." In response, the State, represented by Assistant Attorney General Shawn L. Reeves, argued the plea court did not abuse its discretion in denying the petitioner's motion for a continuance as: (1) the petitioner's trial had already been continued once; (2) the trial of the petitioner's case would have no effect on the pending Bahamian murder charges; and, (3) the petitioner's attorney had received notice of the trial approximately three months prior to trial. On February 13, 2008, the South Carolina Court of Appeals, in an unpublished opinion, affirmed the petitioner's conviction finding the petitioner's guilty plea waived his argument that he should have received a continuance. Additionally, the court found that even if the issue was properly before it, the trial court did not err by denying the petitioner a continuance. The remittitur was issued on March 5, 2008.

On October 20, 2008, the petitioner filed an application for post-conviction relief ("PCR") alleging ineffective assistance of counsel, involuntary guilty plea, and failure to advise regarding consequences of his guilty plea. The State filed its Return on December 15, 2008, denying the petitioner's allegations and requesting an evidentiary hearing.

Pursuant to the State's request, an evidentiary hearing was conducted on January 15, 2009, before the Honorable J. Derham Cole. The petitioner was represented by Rachel I. Brough, while the State was represented by Michelle J. Parsons. Both the petitioner and defense counsel testified at the hearing. After the conclusion of the evidentiary hearing, the PCR court issued an order on February 27, 2009, denying the petitioner relief. Summarizing the allegations and testimony, the PCR court stated:

> At the PCR evidentiary hearing, the Applicant testified his attorney was ineffective and failed to prepare his case for trial. The Applicant testified his counsel met with him only a few times. The Applicant further alleged his Counsel failed to review discovery or provide a copy to the Applicant.

The Applicant also alleged Counsel failed to investigate his case. The Applicant claimed chain of custody issues should have been explored and the search warrant had false and misleading information. The Applicant claimed the auto [sic] and video evidence against him would've been suppressed.

The Applicant also stated he did not want to plea, but only pled because Counsel told him he would lose at trial. The Applicant further stated Counsel failed to make him aware of the consequences of his plea. The Applicant testified he felt forced to plea.

On cross-examination, the Applicant admitted telling the plea court he was satisfied with his attorney and had not been threatened or promised anything in order to plea. The Applicant also admitted telling the plea judge he agreed with the facts presented by the solicitor outlining his guilt. Further, the Applicant admitted telling the plea judge he understood the consequences of his plea, including the fact that the charge would be a no parole offense. Lastly, the Applicant acknowledged that when the plea judge inquired into the Applicant's statement at the plea that he felt intimidated, the Applicant clarified the "charges alone" were intimidating.

Jason Chehoski ("Counsel") also testified at the PCR hearing. Counsel testified he met with the Applicant prior to trial and learned the Bahamas intended to extradite the Applicant, a Bahamian native, for the murder of a Bahamian police officer. Counsel attempted to postpone this case to allow for the extradition process to begin. The court denied the Applicant's motion for continuance.

Counsel testified it is his practice to review all of the discovery with the Applicant, as well as the elements of the crime and the State's evidence against the Applicant. Counsel testified he considered forcing the State to reveal the identity of the confidential informant, but did not believe the motion would have succeeded. Counsel also examined the search warrant and found it to be properly prepared. Counsel did not see any basis for challenging the search warrant.

Counsel was prepared to go to trial. Counsel felt a trial would not be successfully [sic] because the State had a very strong case. Four of the five charges were dropped in exchange for the Applicant's plea. The Applicant approached Counsel and expressed his desire to plea. Counsel advised him that he would receive a mandatory sentence of 25 years, so a plea on the charge had no real benefit. The Applicant still maintained

5

> his desire to plea and admitted his guilt to Counsel. As a result, Counsel did not pursue any further pre-trial motions, but began to prepare for a plea.

(App. 137-38).

The PCR court then made the following findings of fact and conclusions of law:

> The Court has reviewed the testimony presented at the evidentiary hearing, observed the witnesses presented at the hearing, passed upon their credibility, and weighed the testimony accordingly. Further, this Court reviewed the Clerk of Court records regarding the subject conviction, the Applicant's records from the South Carolina Department of Corrections, the application for post-conviction relief, the transcripts and documents from the prior proceedings, and legal arguments of counsel. Pursuant to S.C. Code Ann. § 17-27-80 (1985), this Court makes the following findings of fact based upon all of the probative evidence presented.
>
> This Court finds trial counsel's testimony is credible, but the Applicant's testimony lacks credibility. The Applicant alleges his counsel was ineffective where he failed to prepare the Applicant's case and failed to properly investigate. This Court finds Counsel adequately prepared for trial and investigated possible pre-trial motions. This Court further finds Counsel ceased trial preparation as a result of the Applicant's expressed desire to plead guilty. As a result, this Court denies and dismisses these allegations.
>
> In addition, this Court finds the allegation that the Applicant's guilty plea was involuntary is without merit. This Court finds the record conclusively refutes this allegation. The trial judge informed Applicant of the maximum penalty of each of his charges, informed him of his right to remain silent, informed him of his right to a jury trial and other associated jury trial rights. The Applicant also affirmed no one promised him anything, threatened him, or mistreated him in order to coerce a plea. Applicant also stated that he was pleading guilty freely and voluntarily. The Applicant further informed the court he was satisfied with the services of his lawyer.
>
> This Court further finds that Applicant has failed to carry his burden of proving that his guilty plea was not freely and voluntarily entered. The overwhelming evidence in the record and presented through the testimony of the witnesses at the

> hearing reflects that the plea was knowingly and voluntarily entered. The Applicant showed no reason why he should be allowed to depart from the truth of the statements he made during his guilty plea hearing. This Court finds the Applicant's testimony at the PCR hearing lacked credibility. Therefore, this Court finds that Applicant's guilty plea was freely and voluntarily entered and denies and dismisses this allegation.
>
> This Court finds that any and all other allegations raised at the hearing or in the application are without merit.
>
> Therefore, this Court finds that the Applicant failed to carry his burden to show that trial counsel's representation fell below the standard of professional reasonableness for a criminal defense attorney in this regard. *Strickland v. Washington*; *Cherry v. State*. The Court finds that the Applicant cannot satisfy either requirement of the *Strickland* test.

(App. 140-43). That same day, the PCR court filed an order of substitution appointing Kenneth P. Shabel to replace the petitioner's PCR attorney, Rachel Brough (App. 91). Judgment was entered on April 20, 2009. The petitioner failed to file a Rule 59(e), SCRCP, Motion to Alter or Amend.[2] On April 28, 2009, the petitioner filed a timely notice of appeal.

On appeal, the petitioner, represented by Elizabeth Franklin-Best of the South Carolina Office of Indigent Defense, filed a petition for writ of certiorari arguing the following: (1) "[d]id plea counsel render wholly ineffective assistance of counsel when his client, facing a mandatory 25 year sentence, did not meet with his client for five months prior to the trial date, did not review the audio or video discovery with his client, did not make a motion to reveal the identity of the confidential informant, does not recall discussing the chain of custody with his client, and does not recall discussing the elements of the crime with his client prior to his plea[;]" and (2) "[d]id plea counsel render ineffective assistance

---

[2] The record reflects the petitioner requested counsel to file a Rule 59(e) motion on his behalf and sent counsel a proposed Rule 59(e) motion. *See* Letter to Counsel dated April 27, 2009. However, after reviewing the PCR court order and the petitioner's proposed Rule 59(e) motion, counsel decided against filing such a motion, explaining that a Rule 59(e) motion only needs to be filed when the court order does not address the issues raised. *See* Letter from Counsel to Petitioner on April 28, 2009.

of counsel when he advised his client that they would not prevail on a motion to reveal the confidential informant because the judge would 'weigh the defendant's rights to confrontation with the State's interest in maintaining the confidentiality of the informant?' Was counsel further ineffective for failing to inform his client he would challenge a facially invalid search warrant?" *See* pet. for writ of cert. in #2008-CP-42-5445.

On January 21, 2010, the State filed its return to petition for writ of certiorari arguing: (1) "[t]he PCR Court correctly held that counsel was not ineffective in [his] representation of the petitioner, where the petitioner has be unable to demonstrate any additional information or evidence that would have been beneficial to his case or that he suffered any prejudice by the alleged ineffectiveness" and (2) "[t]he PCR Court correctly held that Counsel was not ineffective for advising the petitioner that counsel believed a motion to reveal the identity of a confidential informant [would] not succeed and for not challenging the search warrant, where the petitioner has offered no evidence to support any claims." *See* return to pet. for writ. of cert. in #2008-CP-42-5445. On January 19, 2011, certiorari was denied. *See* order denying cert. in #2008-CP-42-5445. The remittitur was issued on February 4, 2011.

In his federal habeas application now pending before this court, the petitioner argues defense counsel was ineffective for: (1) failing to meet with him for five months prior to trial; (2) failing to review audio or video discovery with him; (3) failing to move to reveal the identity of the confidential informant; (4) failing to recall discussing chain of custody with him; (5) failing to recall discussing elements of the crime with him; (6) advising him that they would not prevail on a motion to reveal the confidential informant's identity; and (7) failing to inform him of his right to challenge a facially invalid search warrant.

## **APPLICABLE LAW AND ANALYSIS**

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment: "The court shall grant summary judgment if the movant shows that

there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).  As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257.  In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324.  Under this standard, the existence of a mere scintilla of evidence in support of the the the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252.  Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248.

Title 28, United States Code, Section 2254(d) and (e) provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. §2254(d), (e).

The Fourth Circuit Court of Appeals has stated as follows regarding the standard of review in cases, like the instant case, that are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"):

> For a claim that was adjudicated on the merits in state court proceedings, this Court will not issue a writ of habeas corpus under the AEDPA unless (a) the state court decision is in "square conflict" with Supreme Court precedent that is controlling as to law and fact or (b) if no such controlling decision exists, "the state court's resolution of a question of pure law rests upon an objectively unreasonable derivation of legal principles from the relevant [S]upreme [C]ourt precedents, or if its decision rests upon an objectively unreasonable application of established principles to new facts." *Green v. French*, 143 F.3d 865, 870 (4th Cir.1998). "In other words, habeas relief is authorized only when the state courts have decided the question by interpreting or applying the relevant precedent in a manner that reasonable jurists would all agree is unreasonable." *Id.* When a petitioner has properly presented a claim to the state court but the state court has not adjudicated the claim on the merits, however, our review of questions of law and mixed questions of law and fact is *de novo*. *See Jones v.*

10

> *Jones*, 163 F.3d 285, 299-300 (5th Cir.1998) (applying pre-AEDPA *de novo* standard of review to claims of ineffective assistance of counsel that were properly raised, but not adjudicated on merits in state court).

*Weeks v. Angelone*, 176 F.3d 249, 257-58 (4th Cir. 1999).

In the motion for summary judgment, the respondent argues "that to the extent the PCR court's order denying relief fails to sufficiently address the merits of Petitioner's claims, Petitioner would be procedurally barred from relief in federal habeas as Petitioner failed to file a Rule 59(e) SCRCP Motion to Alter or Amend as the rules of preservation require" (resp. m.s.j. 15). In his response in opposition to the motion for summary judgment, the petitioner does not address the merits of his claims and argues only that he asked his PCR attorney to file a Rule 59(e) motion to alter or amend, and thus his claims should not be procedurally barred (pet. resp. m.s.j. 1-5). Here, it appears that each of the petitioner's claims are actually exhausted as they were raised in the PCR proceedings, were ruled upon by the PCR court, and were presented to the Supreme Court of South Carolina in the petitioner's PCR appeal. However, the claims fail on the merits as discussed below.

Claims of ineffective assistance of counsel are governed by the two-part test established in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the petitioner "must show that counsel's performance was deficient." *Id.* at 687. To prove deficiency, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Second, the petitioner must show that the deficient performance actually prejudiced him, *i.e.* "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. Finally, the Court in *Strickland* held that "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies," and "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Id.* at 697. With regard to guilty pleas, "in order to satisfy the 'prejudice'

11

requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Similarly, a guilty plea is constitutionally valid if it "'represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Id.* at 56 (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). A plea is knowingly and intelligently made if a defendant is "'fully aware of the direct consequences'" of his guilty plea and not induced by threats, misrepresentation, including unfulfilled or unfulfillable promises, or by "'promises that are by their nature improper as having no relationship to the prosecutor's business.'" *Brady v. U.S.*, 397 U.S. 742, 755 (1970) (quoting *Shelton v. United Statees*, 246 F.2d 571, 572 n.2 (5th Cir. 1957) (en banc)). The defendant may not later assert that his plea was invalid except in extremely limited situations, such as where counsel was ineffective. *Blackledge v. Allison*, 431 U.S. 63, 74-75 (1977).

***Ground One***

The petitioner first argues defense counsel was ineffective as counsel failed to meet with him for five months prior to trial. This court agrees with the respondent that the PCR court was not unreasonable within the meaning of § 2254(d) in denying relief as the court correctly determined the petitioner failed to carry his burden on this claim.

At the PCR hearing, the petitioner contended defense counsel, during the 110 day period between his appointment and trial, met with him only twice prior to trial (App. 102). The PCR court concluded the petitioner failed to prove either prong of *Strickland* (App. 142). The only evidence supporting the petitioner's claim on this ground was his own self-serving testimony, testimony which the PCR court determined was not credible (App. 141). Defense counsel, whom the PCR court determined was a credible witness, testified that he met with the petitioner prior to trial and investigated potential defenses and possible pre-trial motions. Counsel learned that the Bahamas intended to extradite the petitioner, and counsel attempted to postpone the case to allow for the extradition process to begin

(App. 141). The record before this court fully supports the PCR judge's finding that trial counsel's performance was neither deficient nor prejudicial in this regard. Based upon the foregoing, the PCR court's decision was not contrary to, nor did it involve an unreasonable application of, clearly established federal law. Further, the decision was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

*Ground Two*

The petitioner further argues defense counsel was ineffective when he failed to meet with the petitioner to review audio and video discovery. At the PCR hearing, the petitioner testified that his counsel failed to review audio and video discovery with him prior to trial (App. 102-103). The PCR court noted that defense counsel testified that while he did not specifically recall whether he reviewed discovery materials with the petitioner, it was his common practice to do so (App. 138). The PCR court concluded the petitioner failed to prove either prong of *Strickland* (App. 142).

The PCR court was not unreasonable for purposes of § 2254(d) in denying the petitioner relief on this claim. Specifically, the PCR court found the petitioner's testimony that defense counsel failed to review discovery with him was not credible (App. 141). Conversely, the PCR court found that defense counsel's testimony that it was his common practice to review discovery materials with his clients was credible (App. 141). Even assuming defense counsel failed to review discovery materials with him, the petitioner, by virtue of the fact he pleaded guilty to the charge, cannot demonstrate *Strickland* prejudice as to this claim (App. 128, 131, 133-34).

*Ground Three and Six*

In Ground Three, the petitioner contends that his defense counsel was ineffective for failing to move to reveal the identity of the confidential informant. Similarly,

13

in Ground Six, he contends that his counsel was ineffective in advising him that they would not prevail on such a motion. Both claims are without merit.

At the PCR hearing, the petitioner testified the search warrant, which contained information from a confidential informant, contained false and misleading information (App. 109). Defense counsel testified that he considered filing a motion to reveal the identity of the confidential informant, but, based upon his experience, he did not belief the motion would have succeeded (App. 131-32). Counsel further testified that he examined the underlying search warrant, and he found that it was properly prepared and did not see a basis for challenging the warrant (App. 126; *see* App. 138). As discussed above, the PCR court found counsel's testimony was credible, and the testimony of the petitioner lacked credibility (App. 141). The court concluded the petitioner failed to prove either prong of *Strickland* (App. 142).

As argued by the respondent, even assuming the informant's identity was revealed, the petitioner cannot show that this would have affected his decision to plead guilty. In particular, the PCR testimony reflected the petitioner had informed defense counsel of the identity of the confidential informant, but the petitioner decided to plead guilty before defense counsel could even make such a motion (App. 109-10, 124, 128, 131, 133-34). Accordingly, the PCR court was not unreasonable for purposes of § 2254(d) in determining defense counsel was not constitutionally ineffective, and these grounds are, therefore, without merit.

### *Ground Four*

The petitioner next claims that defense counsel failed to discuss chain of custody with him. In particular, the petitioner testified at the PCR hearing that had defense counsel investigated the chain of custody, he would have discovered that the chain of custody had false, misleading, and contradictory information in it (App. 110). The petitioner further added that had a suppression hearing taken place, the information would have been

suppressed. (Amend. App. 111-12). Again, the PCR Court found the petitioner's testimony lacked credibility, that trial counsel's testimony was credible, and that the petitioner had failed to prove either prong of *Strickland*. (App. 141-42).

The PCR court was not unreasonable for purposes of § 2254(d) in denying the petitioner relief on this claim. During the PCR hearing, defense counsel testified that in preparing for trial he reviewed the incident report, search warrants, and "everything that I had in my file" (App. 123). Defense counsel further explained that there was a substantial amount of evidence against the petitioner, and he believed that had the petitioner proceeded to trial, he would have been convicted on each of the five charges he was facing (App. 124). Further, counsel testified that he did not force the petitioner to plead guilty and that it was actually the petitioner's idea to plead guilty (App. 124, 128, 131, 133-34). Based upon the foregoing, this ground fails.

*Ground Five*

The petitioner argues defense counsel was also ineffective in failing to discuss the elements of the crime with him. At the PCR hearing, it appears the only evidence regarding this claim came in the form of defense counsel's testimony that it was his general practice to review the elements of the charges with his clients (App. 124). Furthermore, counsel testified that he discussed with the petitioner everything in his file during counsel's "first meetings" with the petitioner (App. 123-24). Accordingly, as noted by the respondent, defense counsel would have likely have reviewed the indictment with the petitioner.

The PCR court noted that trial counsel testified that it was "his practice to review all of the discovery with the Applicant, as well as the elements of the crime and the State's evidence against the Applicant" (App. 138). The PCR Court found the petitioner's testimony lacked credibility, that trial counsel's testimony was credible, and that the petitioner had failed to prove either prong of *Strickland*. (App. 141-42). The PCR court was not unreasonable for purposes of § 2254(d) in denying the petitioner relief on this claim

15

given the record before it. Moreover, as argued by the respondent, even assuming the petitioner was not advised of the elements of the crime by defense counsel, he was clearly aware of the charge he was facing at the plea hearing when he agreed with the factual recitation given by the State and admitted he was guilty of the charge and explained that he "sold drugs]" (App. 31-32, 40-41). Accordingly, this ground for relief fails.

### *Ground Seven*

Lastly, the petitioner argues defense counsel was ineffective in failing to inform him of his right to challenge a facially invalid search warrant. At the PCR hearing, the petitioner testified defense counsel should have moved to suppress the evidence seized pursuant to a search warrant that he argued was invalid and contained false and misleading information (App. 110-11). The petitioner further added his belief that had defense counsel moved to suppress such evidence, the evidence would have been suppressed (App. 111). By contrast, defense counsel explained that he reviewed the incident report, search warrants, and everything in his file in preparing for the petitioner's trial and decided that a challenge to the search warrant would not be successful (App. 123-24, 126-27, 131). Finally, defense counsel added that while he believed it would have been important to determine whether he could have suppressed the evidence against the petitioner prior to tendering a guilty plea, he was unable to do so as the petitioner decided to plead guilty before "we ever got to that point" (App. 131). The PCR Court found the petitioner's testimony lacked credibility, that trial counsel's testimony was credible, and that the petitioner had failed to prove either prong of *Strickland* (App. 140-42). Based upon the foregoing, the PCR court was not unreasonable for purposes of § 2254(d) in determining defense counsel was not constitutionally ineffective, and this ground is, therefore, without merit.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the respondent's motion for summary judgment (doc. 24) be granted.

                                                s/ Kevin F. McDonald
                                                United States Magistrate Judge

January 30, 2012
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington St, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984.